James W. Michalski CA Bar No. 177015
RELYONUS MEDICAL GROUP, LLC
13953 Valley View Avenue
La Mirada, CA 90638
Telephone:   562.299.0003
Facsimile:    562.229.0008

Dawn T. Collins CA Bar No. 193447
dawn.collins@ogletreedeakins.com
Aaron H. Cole CA Bar No. 236655
aaron.cole@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213.239.9800
Facsimile:    213.239.9045

Attorneys for Plaintiffs
Relyonus Medical Group, LLC,
Norman W. Matthews, and MWM Medical, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Norman W. Matthews, an individual, Relyonus Medical Group, LLC, a California Limited Liability Company, and MWM Medical, Inc., a California Corporation<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Westpac Surgical, LLC, an Arizona Limited Liability Company, and DOES 1-10, inclusive<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br><br>Complaint Filed: January 13, 2017<br>Trial Date:　　None |

28345232_1.docx

## INTRODUCTION

1. This court has original jurisdiction over this action under 28 USC § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

2. This is an action for declaratory relief regarding the rights of a California worker under California law to move freely in the marketplace, accept employment from an employer of his choice, and engage in his profession, trade, or business, which is conducted solely in California.

3. The illegal covenants not to compete are contained in the sections entitled "Non-Competition After the Agreement Terminates or Expires" (Paragraph 3.2); and "Non-Solicitation of Customers" (Paragraph 3.3) in defendant Westpac Surgical, LLC's, ("Westpac") Sales Representative Independent Contractor Agreement ("Agreement") signed by plaintiff Norman W. Matthews ("Matthews") as an officer and sole employee of plaintiff MWM Medical, Inc. ("MWM"). (Attached hereto as Exhibit 1 is a true and correct copy of the Agreement.) The Agreement purports to prohibit MWM and its sole employee, Matthews, for a period of one (1) year after termination of the Agreement with Westpac, from soliciting Westpac's customers or customer prospects or selling competitive products.

4. The Agreement contains an Arizona choice of law provision, as well as a **permissive** venue provision designating the courts of Arizona as the forum for disputes arising out of the agreement (Paragraph 12.3), both of which provisions violate California law (e.g. California Business and Professions Code sections 16600 and 17200), are unreasonable, and are unconscionable as described below.

5. The State of California has a statutory prohibition (California Business & Professions Code§ 16600) and a judicially recognized fundamental policy against contracts that restrain workers from their chosen work in California. (*See Application Group, Inc. v Hunter Group*, Inc. 61 Cal. App. 4th 881, 902 (1998); *Edwards v.*

*Arthur Andersen LLP* (2008) 44 Cal.4th 937, 945-46.)

6. Plaintiffs Matthews, MWM, and Relyonus Medical Group, LLC ("Relyonus") (jointly referred to as "Plaintiffs") seek declaratory relief that the non-compete provisions of the Agreement are unlawful restraints on trade, are void and invalid, unenforceable and in violation of California Business & Professions Code sections 16600 and 17200 and California's long recognized and fundamental public policy against such covenants, and that the presence of these unlawful non-compete provisions invalidates the covenants and the choice of law and venue provisions.

7. Plaintiffs further seek declaratory relief that the choice of law and venue provisions of the Agreement violate California Business & Professions Code sections 16600 and 17200, that California is the proper forum, and that California law governs this dispute.

## PARTIES

8. Plaintiff Matthews is a citizen of the state of California, domiciled in the County of Los Angeles, California.

9. Plaintiff MWM is a California corporation with its sole and principal place of business in California, and is qualified to conduct business and doing business in the County of Los Angeles, California.

10. Plaintiff Relyonus is a California limited liability corporation whose members are all citizens and residents of California, and is qualified to conduct business and doing business in the County of Los Angeles, California.

11. Defendant Westpac is an Arizona limited liability corporation whose members are all citizens and residents of Arizona.

12. Plaintiffs are unaware of the true names and capacities of the defendants sued herein as Does 1 through 10 and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe, and on that basis allege, that each of the fictitious Doe Defendants is responsible in some manner for the damages suffered by Plaintiffs, either as the agent, partner, joint venturer or alter ego of the

1  named Defendants, or based on other facts and legal theories presently unknown to
2  Plaintiffs. Plaintiffs will amend this Complaint to allege the true names and
3  capacities of such fictitiously named defendants when the same are ascertained.
4  References in this Complaint to the "Defendants" include references to both the
5  named Defendants and Does 1 through 10.

6      13.  Plaintiffs allege on information and belief that each of the Defendants
7  acted as the agent, employee, partner, joint venturer or was otherwise related to one
8  or more of the other Defendants and was acting within such relationship at all
9  relevant times.

## JURSIDICTION AND VENUE

11     14.  This court has original jurisdiction over this action under 28 USC §
12  1332, in that it is a civil action between citizens of different states in which the
13  matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand
14  dollars.

15     15.  Venue in this judicial district is proper under 28 USC § 1391 because a
16  substantial part of the events or omissions on which the claim is based occurred in
17  the Central District of California. The subject matter of the contract at issue here, the
18  required performance of the restrictive covenants contained therein, and the injuries
19  Plaintiffs will sustain, will occur in this district and concern the rights of a California
20  employee and a California employer in this judicial district. This action involves
21  fundamental public policies of California, which must be interpreted and enforced by
22  a California court.

## FACTUAL ALLEGATIONS

24     16.  Plaintiffs are informed and believe, and based upon such information
25  and belief allege, that Westpac provides and sells medical products to hospitals and
26  doctors.

27     17.  From January 1, 2016 until January 13, 2017, Matthews worked in
28  California for Westpac as a sales representative.

18. On or about January 1, 2016, Matthews on behalf of MWM signed the Agreement with Westpac.

19. The terms stated at Paragraph 3.2 of the Agreement, restrict MWM and Matthews from engaging in certain trade or business, stating, in pertinent part:

"[F]or a period of twelve (12) months (the "Restrictive Period") following the termination or expiration of the Agreement for any reason, the Contractor will not engage in Competitive Activities in the Territory."

20. Paragraph 3.1 of the Agreement defines "Competitive Activities" as "selling, offering for sale, promoting, receiving or soliciting orders for Competitive Products or accepting remuneration of any kind from any person providing such goods or services."

21. Paragraph 3.1 of the Agreement defines "Competitive Products" as "(a) any product or service described in Appendix A or Appendix B, as the same may be amended from time to time in accordance with this Agreement; (b) any product or services sold or marketed by the Company; or (c) any orthopaedic, spinal, sports medicine, neurosurgical, or trauma product or service or any other product or service similar to or intended for a similar use as offered or provided by Stryker, Other Suppliers, or any parent, subsidiary or related company."

22. Paragraph 1.1 of the Agreement defines "Territory" as "the territory identified on Appendix C." Appendix C of the Agreement identifies doctors, hospitals and medical clinics that are all located in this judicial district.

23. The terms stated at Paragraph 3.3 of the Agreement, restrict MWM and Matthews from engaging in certain trade or business, stating, in pertinent part:

"[F]or a period of twelve (12) months following the termination or expiration of the Agreement for any reason, the Contractor will not engage in Customer Solicitation Activities."

24. Paragraph 3.3 of the Agreement defines "Customer Solicitation Activities" as "to solicit or attempt to solicit, directly or by assisting other, any

customer of the Company, Stryker, or Other Suppliers (including actively sought prospective customers) for purposes of providing Competitive Products."

25. The Agreement, in Paragraph 12.3, also contains an Arizona governing law provision, as well as a permissive venue provision designating the courts of Arizona.

26. Matthews resigned from Westpac effective January 13, 2017.

27. Matthews will begin working for Relyonus on or about January 16, 2017 in California, and all of his business activities for Relyonus will be in California and only involve California entities.

28. Plaintiffs are forced to bring this action because it is anticipated that Westpac will seek to enforce the illegal and unenforceable non-competition provisions found in the Agreement.

29. All of Matthews' work for Relyonus will be in California, affect and involve only California entities, and will have no connection whatsoever to Arizona.

30. Nonetheless, Westpac will seek to deprive Matthews of his right to work in California in the industry in which he has acquired exceptional experience and expertise.

31. Matthews has a fundamental right, as a California citizen, to work within his lawful trade, business or profession and to move freely within the marketplace without improper intervention by Westpac.

32. Westpac seeks to deprive Matthews of this right.

33. Further, Relyonus has a right to employ individuals of its choice to perform services on its behalf. It is anticipated that Westpac will seek to deprive Relyonus of this right.

34. Enforcing, threatening to enforce, and attempting to enforce the non-competition provisions in the Agreement against Plaintiffs and refusing to recognize the application of California law, as well as California as the proper forum, constitute an unlawful restriction on Matthews in the exercise of his livelihood and on

Relyonus' right to hire California employees.

35. Any use by Westpac of the non-compete provisions in the Agreement to attempt to prevent Matthews from pursuing his livelihood and to prevent Relyonus from using Matthew's services constitutes an unlawful business practice pursuant to California Business and Professions Code § 17200 and violates California Business and Professions Code § 16600.

36. The non-compete provisions in the Agreement are void and unenforceable and violate California Business and Professions Code section 16600, which states: "Every contract by which anyone is restrained from engaging in any lawful profession, trade or business of any kind is to that extent void." Section 16600 represents a fundamental public policy in California favoring worker mobility and protecting a California worker's right to work in the industry of his choosing and a California-based employer's right to employ individuals to provide services in California.

37. Plaintiffs seek a declaration of their clear and fundamental rights under California law and seek to prevent Westpac's intentional interference with those rights through an illegal and unenforceable non-compete provision, or through any lawsuit filed in a non-California forum seeking to apply non-California law to matters fundamentally within the scope and authority of California's law and its courts.

## FIRST CAUSE OF ACTION

(Declaratory Relief Against Westpac and Does 1 through 10 That the Covenant Not To Compete In the Employee Agreement Is Unenforceable and Void as Against Public Policy)

38. Plaintiffs re-allege and incorporate herein by this reference paragraphs 1 through 37 of the Complaint as though set forth in full.

39. An actual controversy has arisen and now exists between Plaintiffs and Westpac concerning their respective rights and duties under the covenant not to

1  compete in the Agreement.

2      40.    The covenant not to compete that Westpac imposed on Matthews
3  without negotiation, and which he was forced to accept or face unemployment,
4  violates California Business and Professions Code section 16600.

5      41.    Section 16600 provides that "[e]very contract by which anyone is
6  restrained from engaging in any lawful profession, trade or business of any kind is to
7  that extent void." Section 16600 represents a fundamental public policy of California
8  which secures employee mobility, protects a California worker's right to work in the
9  industry of his choosing, and protects a California-based employer's right to employ
10 individuals to provide services in California.

11     42.    Plaintiffs request a judicial determination that the covenant not to
12 compete in the Agreement is unlawful under California law and void and
13 unenforceable against Matthews and MWM.

14     43.    A judicial declaration is necessary and appropriate at this time under the
15 circumstances so that Matthews may ascertain his rights and obligations under the
16 covenant not to compete and determine whether his employment with Relyonus may
17 be continued.

## SECOND CAUSE OF ACTION

(Declaratory Relief Against Westpac and Does 1 through 10 That the Choice of Law and Venue Provisions In the Agreement Are Unenforceable)

21     44.    Plaintiffs re-allege and incorporate herein by this reference paragraphs 1
22 through 37 of the Complaint as though set forth in full.

23     45.    An actual controversy has arisen and now exists between Plaintiffs and
24 Westpac concerning their respective rights and duties under the choice of law and
25 venue provision (Paragraph 12.3) in the Agreement.

26     46.    The issue of whether the Agreement's choice of law and venue
27 provisions are valid and enforceable is properly before this Court because they were
28 imposed on Matthews, without negotiation; he was forced to accept or face

28345232_1.docx

7  
Case No. CaseNumber  
COMPLAINT FOR DECLARATORY RELIEF

1 unemployment; and, thus the provisions are void and unenforceable because their
2 incorporation into the Agreement was the result of undue influence and
3 overwhelming bargaining power of Westpac.

4     47.    Given the circumstances under which the choice of law and venue
5 provisions were forced upon Matthews and included in his Agreement without the
6 opportunity or ability to negotiate, the choice of law and venue provisions are
7 adhesive in nature.

8     48.    The Agreement's venue provision is permissive, and does not vest
9 exclusive jurisdiction in the court of Arizona under controlling Ninth Circuit
10 authority.  See, e.g., *Northern Cal. Dist. Council of Laborers v. Pittsburg-Des
11 Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995); *Docksider, Ltd. v. Sea
12 Technology, Ltd.,* 875 F.2d 762, 764 (9th Cir. 1989).

13     49.    The Agreement's choice of law and venue provisions are also void and
14 unenforceable as against California public policy, as Section 16600 provides that
15 "[e]very contract by which anyone is restrained from engaging in any lawful
16 profession, trade or business of any kind is to that extent void." Enforcement of the
17 choice of law and venue provisions would result in manifest disregard of California
18 law and fundamental public policy, especially in light of the illegal and interrelated
19 non-compete provisions that Westpac included in the Agreement.

20     50.    Plaintiffs request a judicial determination that the choice of law and
21 venue provisions in the Agreement are void and unenforceable against them under
22 these circumstances.

23     51.    A judicial declaration is necessary and appropriate at this time under the
24 circumstances in order that Matthews may ascertain his rights and obligations under
25 the choice of law and venue provisions.

### THIRD CAUSE OF ACTION

(Violation Of Unfair Competition Laws Under California Business & Professions Code Section 17200 et seq. Against Westpac and Does 1 through 10)

52. Plaintiffs re-allege and incorporate herein by this reference paragraphs 1 through 37 of the Complaint as though set forth in full.

53. Westpac's use of non-competition provisions in the Agreement which they required Matthews to sign constitutes an unfair and unlawful business act or practice in violation of Business & Professions Code sections 16600 and 17200 et seq.

54. Westpac's use of Arizona choice of law and venue provisions in the Agreement they required California resident Matthew sign constitutes an unfair and unlawful business act or practice in violation of Business & Professions Code sections 16600 and 17200 et seq.

55. Westpac's threats or attempts to enforce provisions that violate Business & Professions Code section 16600 in the Employee Agreement with California resident Meyer constitute an unfair and unlawful business act or practice in violation of Business & Professions Code sections 16600 and 17200 et seq.

56. Westpac's use of such unlawful and unfair business practices constitutes unfair and unlawful competition and provides an unlawful and unfair advantage to Westpac in the marketplace. Plaintiffs are informed and believe that Westpac has profited, is profiting, and will continue to profit from its unlawful and unfair business practices. Accordingly, pursuant to section 17203 of Business & Professions Code, Plaintiffs seek an award representing that amount of ill-gotten gains and/or unjust enrichment which must be disgorged by Westpac.

57. Plaintiffs have been harmed or will be harmed and have lost money and property or will lose money or property in excess of $75,000 as a result of Westpac's conduct and request an order of restitution against Westpac.

58. Westpac's conduct described herein constitutes an unfair and unlawful business practice that should be restrained. As such, Plaintiffs seek a determination by the court that the use of the non-compete provisions by Westpac violate section California Business & Professions Code section 17200 et seq. and seek injunctive

relief prohibiting the same.

**WHEREFORE**, Plaintiffs Norman W. Matthews, MWM Medical, Inc., and Relyonus Medical Group, LLC, pray for judgment in their favor and against defendant Westpac Surgical, LLC as follows:

**ON ALL CAUSES OF ACTION:**

1. For a judicial determination, as a matter of law, that:

    (a) the venue clause in the Agreement (Paragraph 12.3) is void and unenforceable under California law, including California Business & Professional Code section 16600, et seq.;

    (b) the choice of law provision in the Agreement (Paragraph 12.3) is unenforceable under California law, including California Business & Professional Code section 16600, et seq.;

    (c) the covenant not to compete in the Employee Agreement (Paragraphs 3.2-3.3) limiting Matthews' employment and freedom of mobility in California is unlawful and unenforceable under California Business & Professional Code section 16600, et seq. and cannot be enforced against Matthews; and

    (d) Matthews has the legal right to work for Relyonus and engage in the profession, trade, or business of his choosing in California;

2. Restitution in an amount to be proven at trial;

3. For costs of suit incurred herein, including reasonable attorneys' fees where authorized by contract, statute or other law;

4. For appropriate injunctive relief; and

5. For such other and further relief as the Court may deem just and proper.

1 | DATED: January 13, 2017

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Aaron H. Cole
        Dawn T. Collins
        Aaron H. Cole

Attorneys For Plaintiffs
Relyonus Medical Group, LLC,
Norman W. Matthews, and MWM Medical, Inc.

28345232.1